IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY HARTZOG                                                                     PLAINTIFF

v.                                            NO. 5:08CV00201 JMM/BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                             DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I.  **Instructions**

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date you receive the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

II. **Recommended Disposition**

Plaintiff, Timothy Hartzog, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by diabetes, problems with his feet and bipolar disorder. (Tr. 148) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing and a supplemental hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 21, 2008, the date of his decision. (Tr. 27) On July 11, 2008, the Appeals Council denied Plaintiff's request

---

[1] The Hon. John Heck Goree.

for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6) Plaintiff then filed his complaint initiating this appeal. (Docket entry #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 43 years old at the time of the first of two hearings. (Tr. 394) He is a high school graduate with additional vocational training. (Tr. 396) He has past relevant work as a welder, a stocker in a grocery store, a rice mill worker, a draftsman and a film line operator in a plastics plant. (Tr. 149, 472-73).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 15)  He found that Plaintiff had "severe" impairments, non-insulin dependent diabetes mellitus, numbness in his hands and feet, hypertension, bipolar disorder, depression, a personality disorder and a mood disorder, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 15)  He judged that Plaintiff's allegations regarding his limitations were not totally credible. (Tr. 19)

The ALJ found that Plaintiff retained the residual functional capacity for light work that was unskilled or low semi-skilled, where he could understand, carry out and remember concrete instructions and where contact with supervisors, fellow workers and the public was superficial. (Tr. 16)  He determined that Plaintiff was unable to perform any of his past relevant work. (Tr. 25)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, cashier and file clerk. (Tr. 26-27)  Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 27)

Plaintiff argues that the determination that there were other jobs that Plaintiff could perform is not supported by substantial evidence because the ALJ did not incorporate into his hypothetical question the residual functional capacity determination of Greg Wooten,

M.D., his treating physician. (Br. 10-11) On January 5, 2006, Dr. Wooten completed a Medical Assessment of Ability to do Work-related Activities (Mental). (Tr. 367-68) He checked boxes on that form indicating that Plaintiff had a fair[2] ability to follow work rules; understand, remember and carry out simple job instructions and maintain personal appearance. *Id.* He checked boxes indicating poor/none[3] with respect to Plaintiff's ability to relate to co-workers; deal with the public; use judgment; interact with supervisors; deal with work stresses; maintain attention/comprehension; understand, remember and carry out complex job instructions; understand, remember and carry out detailed, but not complex, job instructions; relate predictably in social situations and demonstrate reliability. *Id*. The doctor did think that Plaintiff was capable of managing benefits in his own best interest. (Tr. 368)

The ALJ considered Dr. Wooten's opinion at considerable length. (Tr. 20-25) He ultimately did not give the opinion controlling weight because it was inconsistent with Dr. Wooten's treatment notes. (Tr. 24) According to the medical records, Dr. Wooten saw Plaintiff June 15, 2006. (Tr. 357) Plaintiff indicated that he was doing "quite well" on his current medication and reported no side effects. *Id.* He appeared "euthymic."[4] *Id.* On October 26, 2006, Dr. Wooten saw Plaintiff again. (Tr. 351) He indicated that he was doing well on his current medication and reported no side effects. *Id.* He was pleased with his current treatment. *Id.* He saw Plaintiff again March 1, 2007. (Tr. 347) Despite being under

---

[2] As defined on the form, "fair" means "[a]bility to function in this area is seriously limited but not precluded."

[3] As defined on the form, "poor/none" means "[n]o useful ability to function in this area." *Id*.

[4] Characterized by joyfulness, mental peace and tranquility, moderation of mood, not manic or depressed. PDR Medical Dictionary 678 (3d ed. 2006).

a lot of stress, he indicated that he was doing well. *Id.* He reported no side effects from his medication. *Id.* He said his medications were working. *Id.*

The entries on the checklist form completed by Dr. Wooten simply do not have foundation in the medical signs and symptoms noted in his treatment records; the two analyses just cannot be reconciled. *Weise v. Astrue*, 552 F.3d 728, 732 (8th Cir. 2009). Furthermore, residual functional capacity checklists, although admissible, are entitled to little weight in the evaluation of disability. See *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *O'Leary v. Schweiker*, 720 F.2d 1334, 1341 (8th Cir. 1983); see also *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions). For all these reasons, the Court concludes that the ALJ gave proper weight to Dr. Wooten's opinion and sufficiently explained his reasons for doing so.

Plaintiff also contends that the ALJ erroneously discounted his allegation of numbness and tingling in upper and lower extremities. (Br. 12) The ALJ considered those allegations, but found that Plaintiff had exaggerated his limitations and symptoms to some extent. (Tr. 24) The ALJ evaluated Plaintiff's subjective complaints in light of the factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[5] (Tr. 17)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

---

[5]The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 17) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of objective medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, his functional capabilities and the lack of greater restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff left his last job, not because he was unable to do the work, but rather because he was fired after he got mad at a co-worker and called him a racially prohibited name. (Tr. 400-01) He alleged disability since the day he was fired. (Tr. 402) He collected unemployment for about six months, however. (Tr. 401-02) An application for

unemployment compensation benefits adversely affects a claimant's credibility. *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991); see *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). In Arkansas, an unemployed worker must be "physically and mentally able to perform suitable work, and [be] available for such work" in order to draw unemployment benefits. A.C.A. § 11-10-507(3)(A) (2007). This is clearly inconsistent with a claim of disability during the same period of time. *Barrett, supra.*

He also looked for other work for approximately six months. (Tr. 401-02) A record of contemplating work shows Plaintiff did not view his limitations as disabling. *Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995). An intention to work tends to prove that a plaintiff is able to work. *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

Plaintiff does not point to any medical evidence concerning numbness and tingling in upper and lower extremities. The Court has located only one occasion on which he complained to his medical provider of numbness and tingling in his feet, April 6, 2005. (Tr. 239) He was to be referred to a podiatrist. *Id.* When he was next seen, June 10, 2005, he did not complain about his feet. (Tr. 235) In September of 2005, he complained of hitting his toe on an iron at home. (Tr. 234-35) There was no mention of numbness or tingling. *Id.*

Plaintiff indicated that he walked, drove and went out alone. (Tr. 143) He shopped for food and household items three times a month. *Id.* He paid bills, counted change, handled a savings account and used a checkbook. *Id.* He indicated that, on a typical day, he home schooled his children, watched television, read, played computer games, went for a walk and sometimes cooked and cleaned house. (Tr. 129) He groomed without assistance. (Tr. 111, 130) He attended church. (Tr. 114, 133) He cooked daily. (Tr. 112) Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven-year-old daughter, drove her to school, drove elsewhere, fixed simple

meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995) (visiting neighbors, cooking own meals, doing own laundry and attending church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

    The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*,

87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 12th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE